IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02193-GPG

(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

PANON S. WILLIAMS,

      Plaintiff,

v.

SOCIAL SECURITY,

      Defendant.

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND FILE AMENDED
COMPLAINT

---

      Plaintiff, Panon W. Williams, has filed *po se* a Complaint against Social Security.

(ECF No. 1), and has submitted an Application to Proceed in District Court without

Prepaying Fees or Costs. (ECF No. 2).  The court must construe the flings liberally

because Ms. Williams is not represented by an attorney. *See Haines v. Kerner*, 404

U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d

at 1110.

      As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has

determined that the documents are deficient as described in this order.  Plaintiff will be

directed to cure the following if she wishes to pursue her claims.  Any papers that

Plaintiff files in response to this order must include the civil action number noted above

in the caption of this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)  ___  is not submitted
(2)  ___  is not on proper form (must use the Federal Court's current form)
(3)  X  is missing original signature by Plaintiff
(4)  ___  is missing affidavit
(5)  ___  affidavit is incomplete
(6)  X  affidavit in support of application is not signed and dated under declaration of perjury
(7)  ___  names in caption do not match names in caption of complaint, petition or application
(8)  ___  other:

**Complaint or Petition**:
(9)  X  is not dated
(10)  ___  is not on proper form (must use the court's current form)
(11)  ___  is missing an original signature by the Plaintiff
(12)  X  is incomplete (please complete all sections, including parties, jurisdiction, background, claims for relief, and request for relief)
(13)  ___  uses et al. instead of listing all parties in caption
(14)  ___  names in caption do not match names in text of Complaint
(15)  X  addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)  ___  other

   Furthermore, the court finds that Plaintiff's Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Ms. Williams fails to provide a short and plain statement of the grounds for the court's jurisdiction.  In other words, Ms. Williams fails to identify the statutory authority that allows the court to consider the claims she is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.  It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  In the attachments to the Complaint, Ms. Williams indicates that she is disabled and may be seeking judicial review of a decision denying her claim for social security disability benefits.  If so, the court may have jurisdiction to consider her claim or claims pursuant to the Social Security Act.  However, Congress has explicitly provided that in claims arising under the Social Security Act, judicial review is permitted only in accordance with section 405(g), which requires a "final decision of the Commissioner of the Social Security made after a hearing." 42 U.S.C. § 405(g), (h).  In order to obtain a judicially reviewable final decision, the claimant must complete a four-step administrative review process. 20 CFR § 416.1400(a).

3

Assuming Ms. Williams is seeking judicial review of a decision denying her claim for social security disability benefits, the proper Defendant is the Commissioner of Social Security, in her official capacity, not Social Security or the Social Security Administration. *See* 20 C.F.R. § 422.210(d).

Ms. Williams' Complaint also fails to provide a short and plain statement of her claims showing she is entitled to relief.  She fails to allege in the Complaint when the Commissioner denied her claim for social security disability benefits and the reason her administrative claim was denied.  Ms. Williams also fails to identify the specific provision within the Social Security Act that authorizes her claim.

For these reasons, Ms. Williams will be ordered to file an amended complaint if she wishes to pursue her claims in this action.  In order to state a claim in federal court Ms. Williams "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  In order to satisfy the requirements of Rule 8, it may be helpful for Ms. Williams to attach to her amended complaint a copy of the Commissioner's decision denying her claim for social security disability benefits in addition to alleging the specific facts in the Complaint that support her claim as discussed above.

If Ms. Williams fails within the time allowed to file an amended complaint that

complies with this order and the pleading requirements of the Federal Rules of Civil Procedure, the instant action will be dismissed without prejudice.  However, Ms. Williams is warned that, even if the action is dismissed without prejudice, the dismissal may act as a dismissal with prejudice if the time for filing an action seeking review of the denial of social security benefits expires. *See Rodriguez v. Colorado*, 521 F. App'x 670, 671-72 (10th Cir. 2013).  Pursuant to Section 205(g) of the Social Security Act, a civil action must be commenced "within sixty days after the mailing to [her] of notice of [any final decision of the Commission of Social Security] or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g).  Accordingly, it is

ORDERED that Ms. Williams file, **within thirty (30) days from the date of this order**, an amended complaint that cures the designated deficiencies and complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Ms. Williams file, **within thirty (30) days from the date of this order,** a signed and dated Application to Proceed in District Court Without Prepayment of Fees and Costs.  It is

FURTHER ORDERED that Ms. Williams shall obtain the appropriate court-approved forms, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Ms. Williams fails within the time allowed to cure the designated deficiencies and to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED October 6, 2015, at Denver, Colorado.

BY THE COURT:
S/ Gordon P. Gallagher

5

_____
United States Magistrate Judge