IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02193-MJW

PANON WILLIAMS,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

## OPINION AND ORDER

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

The government determined that Plaintiff is not disabled for purposes of the Social Security Act. Plaintiff has asked this Court to review that decision. The Court has jurisdiction under 42 U.S.C. § 405(g), and both parties have agreed to have this case decided by a U.S. Magistrate Judge under 28 U.S.C. § 636(c).

### Standard of Review

In Social Security appeals, the Court reviews the decision of the administrative law judge ("ALJ") to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *See Pisciotta v. Astrue,* 500 F.3d 1074, 1075 (10th Cir. 2007). "Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Raymond v. Astrue*, 621 F.3d 1269, 1271–72 (10th Cir. 2009) (internal quotation marks omitted). The Court "should, indeed

must, exercise common sense" and "cannot insist on technical perfection." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The Court cannot reweigh the evidence or its credibility. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

## Discussion

At the second step of the Commissioner's five-step sequence for making determinations,[1] the ALJ found that Plaintiff "has the following severe impairments: osteoarthritis of the bilateral knees and back, flat feet, vi[til]igo, and hypertension." (AR 10.) Together with Plaintiff's non-severe limitations, the ALJ then determined that Plaintiff has the following residual functional capacity ("RFC"), as is relevant here:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a range of medium work as defined in the Regulations with the following restrictions and limitations: the claimant is able to lift and carry 50 pounds occasionally and 25 pounds frequently. The claimant is able to sit six hours and stand and/or walk six hours during an eight-hour workday. The claimant is able to frequently stoop, kneel, and crouch.

(AR 13-14.) The ALJ found that, considering Plaintiff's "age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform," such as a hand packager and kitchen helper. (AR 17.) Therefore, the ALJ determined that Plaintiff has not been under a disability since November 30, 2012, the date the application was filed. (AR 18.)

Plaintiff proceeds on appeal *pro se*. Defendant has organized Plaintiff's contentions as follows: first, the Appeals Council did not consider her new evidence;

---

[1] The Social Security Administration uses a five-step sequential process for reviewing disability claims. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

second, the ALJ failed to obtain additional psychological testing and his findings on Plaintiff's mental impairment were not supported by substantial evidence; and third, the ALJ erred in finding that Plaintiff did not meet or medically equal the requirements of a listed impairment. The Court finds this a reasonable way to frame the issues, and will discuss each argument in turn.

I. **Evidence Submitted to Appeals Council**

Plaintiff submitted to the Appeals Council a letter that she wrote, medical records from Kaiser Permanente, and medical records from Aurora Mental Health Center. (AR 4.) The Appeals Council found that this information did not provide a basis for changing the ALJ's decision. (AR 2.) The Court agrees.

The Appeals Council is required to review new evidence that is "new, material, and chronologically relevant." *Martinez v. Barnhart*, 444 F.3d 1201, 1207 (10th Cir. 2006) (citing 20 C.F.R. § 404.970(b)). The Appeals Council is not required to provide an express analysis of the effect of the new material. *Id.* at 1208. *See also Lynn v. Colvin*, 637 F. App'x 495, 497 (10th Cir. 2016) (unpublished) (holding that the Appeals Council satisfies its obligation by stating that it has considered the additional evidence and that it does not provide a basis for changing the ALJ's decision). Because the Appeals Council stated that it considered the new evidence and determined that it did not provide a basis for changing the ALJ's decision, it adequately addressed the new evidence.

Moreover, as Defendant points out, much of the material that Plaintiff submitted was not new in that it was already a part of the record. Of the records that are new, none undercut the ALJ's finding that Plaintiff was not disabled. The records refer to

Plaintiff's medical conditions that were thoroughly discussed in the ALJ's decision, including her ADHD, depression, and anxiety disorder. Had these records been available to ALJ, there is nothing to indicate that they would have altered his findings. Accordingly, the Court will not remand on these grounds.

**II.      Mental Impairment**

Plaintiff argues that the ALJ's determination of non-disability was not supported by substantial evidence in the record and complains that "[n]o psychological tests of intelligence, memory, requiring short term memory was not completed [sic]." (Docket No. 26 at 2.)

Applying the "special technique" found in 20 C.F.R. § 416.920a, the ALJ determined that Plaintiff had no limitation in activities of daily living, a mild limitation in social functioning, and a mild limitation in concentration, persistence, or pace. (AR 12.) The ALJ also found that the record demonstrated that Plaintiff had not experienced any episodes of decompensation, meaning she had not been hospitalized for an extended period of time and did not experience any documented periods of an increase in her symptoms so severe that she was unable to function. (AR 13.) Therefore, the ALJ determined that Plaintiff's mental impairments were not severe. (*Id.*) *See* 20 C.F.R. § 416.920a(d)(1).

The ALJ supported this finding with references to the record, including Plaintiff's own statements and testimony. He noted that the limitations relating to Plaintiff's activities of daily living were primarily related to her physical, rather than mental, impairments. (AR 12.) As to her social functioning, the ALJ noted that Plaintiff testified

that she has maintained a relationship with her boyfriend and she is able to perform activities that require social interaction, including interacting with medical professionals. (*Id.*) Plaintiff also testified that she is able to read, write poetry, sing, and watch television, which supports the ALJ's finding that she only has a mild limitation regarding concentration, persistence or pace. (*Id.*)

The Court notes that the ALJ states that he afforded substantial weight to the medical opinions of Dr. Dilger, a State Agency reviewing psychologist who provided a detailed assessment of Plaintiff's mental impairments. (*Id.*) Dr. Dilger found that Plaintiff had a mild limitation in activities of daily living, while the ALJ found that Plaintiff had no limitation. However, even if the ALJ had adopted Dr. Dilger's finding of a mild limitation as to this functional area, it would not have helped Plaintiff because, as with a finding of no limitation, a mild limitation will generally lead to a conclusion that the impairment is not severe. 20 C.F.R. § 416.920a(d)(1).

Turning to Plaintiff's argument that the ALJ should have ordered psychological and intelligence testing, the Court first notes that Plaintiff has never alleged that she suffers from an intellectual disorder and the record does not suggest that she has one. *See Wall v. Astrue*, 561 F.3d 1048, 1062 (10th Cir. 2009). Second, because the record supports the ALJ's finding that Plaintiff's mental impairment was not severe, he was not required to order further examinations or testing. *See Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008) (there is no "need to further develop the record" where "sufficient information existed for the ALJ to make her disability determination"). Therefore, the

Court declines to remand in order to further develop the record on Plaintiff's mental impairments.

### III.     Listing criteria

Finally, Plaintiff contends that "the absence of a listing-level impairment does not mean the individual is not disabled." (Docket No. 26 at 2.) She alleges that she meets the criteria for dermatitis (8.05) and genetic photosensitivity disorder (8.07) because she suffers from vitiligo and has to take blood pressure medication that causes high sensitivity to prolonged sunlight. (*Id.* at 3.) She also argues that the facial and physical deformities caused by her vitiligo have caused various mental impairments. (*Id.*) Finally, she states in conclusory fashion that the record demonstrates that she has musculoskeletal impairments, patellofemoral dysfunction, fibromyalgia, and osteoarthritis.

Plaintiff's impairments must meet or medically equal the listed impairments found in the Listing of Impairments (the listings) in appendix 1 of subpart P of 20 C.F.R. § 404. To meet the requirements of a listing, Plaintiff must have "medically determinable impairments that satisfies **all** of the criteria of the listing." 20 C.F.R. § 416.925(d) (emphasis added). Plaintiff's allegations of pain or other symptoms cannot be substituted for a missing or deficient sign or laboratory finding in order to raise the severity of a non-listed impairment to that of a listed impairment. 20 C.F.R. § 416.929(d)(3).

Skin disorders are described in listing 8.00. A claimant must provide documentation "about the onset, duration, frequency of flareups, and prognosis of your

skin disorder; the location, size, and appearance of lesions . . ..” 20 C.F.R. § Pt. 404, Subpt. P, App'x. 1 § 8.00(B). Listing 8.05 lists dermatitis as a category of skin disorders. It states:

> Dermatitis (for example, psoriasis, dyshidrosis, atopic dermatitis, exfoliative dermatitis, allergic contact dermatitis), with extensive skin lesions that persist for at least 3 months despite continuing treatment as prescribed.

*Id.* at § 8.05. Vitiligo is not listed here, and Plaintiff has not demonstrated that her vitiligo has caused extensive skin lesions that persisted for at least 3 months despite continuing prescribed treatment. She also did not provide documentation regarding the onset, duration, or frequency of the disorder or offer sufficient details as to any skin lesions it caused. Thus, she has not met or medically equaled the criteria of this listing.

Similarly, to meet the criteria for photosensitivity disorders (other than xeroderma pigmentosum ("XP")), a claimant must show she has either "[e]xtensive skin lesions that have lasted or can be expected to last for a continuous period of at least 12 months," or the "[i]nability to function outside of a highly protective environment for a continuous period of at least 12 months." *Id.* § 8.07. Plaintiff showed neither. As Defendant notes, her mere allegations as to the symptoms, unsupported by medical evidence, are insufficient. *See* 20 C.F.R. § 416.929(d)(3).

The Court agrees with Plaintiff that any facial disfigurement or other physical deformities caused by her vitiligo may also have effects on her mental health. However, those effects are evaluated under the mental disorders listings in 12.00 20 C.F.R. § Pt. 404, Subpt. P, App. 1 § 8.00(D)(4). The ALJ evaluated Plaintiff's claims of mental impairment, and, as is discussed above, he found the limitations caused by her

symptoms were mild at best. Thus, there is substantial evidence supporting the ALJ's finding that Plaintiff does not have a severe mental impairment.

Finally, the Court turns to the physical impairments. The Court first notes that Plaintiff fails to demonstrate in any fashion how she has met the criteria for the various physical impairment listings she names. Indeed, there is no listing for fibromyalgia. As for the musculoskeletal impairment, patellofemoral pain, and osteoarthritis, the ALJ reviewed the record and found that Plaintiff's subjective complaints and objective findings in the medical record do not detail debilitating impairments. (AR 15.) He cites numerous documents from the record to support this conclusion, and the Court finds that it is supported by substantial evidence.

## **Conclusion**

For the reasons set forth above, the Commissioner's decision is AFFIRMED.

Dated this 13th day of March, 2017.

BY THE COURT:

*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge